UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC D. EATON,

      Plaintiff,

v.                                                            Case No.:  8:20-cv-61-KKM-MRM

PRINCIPAL LIFE INSURANCE
COMPANY and PRINCIPAL
NATIONAL LIFE INSURANCE
COMPANY,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Pending before the Court is Defendants' Motion for Entitlement to Attorneys'

Fees and Costs, filed on April 14, 2022.  (Doc. 61).  Plaintiff filed a response in

opposition on May 9, 2022.  (Doc. 65).  The motion is ripe for the Court's

consideration.

      Defendants ask the Court to determine their entitlement to attorney's fees and

costs as provided by the parties' 2009 contract[1] and Section 625.22 of the Iowa Code

because Plaintiff's lawsuit was unsuccessful by judicial ruling.  (*See generally* Doc.

61).[2]  For his part, Plaintiff argues that Defendants are not entitled to such an award

---

[1]  While both the 2001 contract and the 2009 contract were implicated in the motions
for summary judgment, the instant motion involves only the 2009 contract.  (*See*
Docs. 19, 61, 61-1).

[2]  As the Court has already found, "[t]he agency contracts at the center of this dispute
both contain choice-of-law provisions requiring that courts apply Iowa law when

because the relevant provision is (1) ambiguous, (2) unconscionable, and (3) a violation of Iowa law.  (*See* Doc. 35 at 4-10).[3]

For the reasons below, the Undersigned respectfully recommends that the motion (Doc. 61) be **GRANTED**.

## BACKGROUND

Plaintiff, a licensed securities broker, commenced this action on January 8, 2020, asserting claims for declaratory judgment and breach of contract, arising out of Defendants' alleged failure to pay Plaintiff trail commissions following his termination of the employment contracts.  (*See* Doc. 1).  Defendants filed an Answer and Affirmative Defenses as well as a Counterclaim for attorney's fees and costs under the attorney's fees and costs provision of the 2009 contract.  (Doc. 19).  Plaintiff answered the Counterclaim, asserting two affirmative defenses: (1) substantive unconscionability; and (2) illegality and/or enforceability.  (Doc. 20).

Plaintiff moved for partial summary judgment as to his entitlement to trail commissions, (*see* Doc. 46), and Defendants moved for summary judgment on both counts of Plaintiff's Complaint, (*see* Doc. 50).  On March 31, 2022, the Court granted Defendants' motion and denied Plaintiff's motion.  (Doc. 60).  In so doing, the Court

---

interpreting the contracts."  (Doc. 60 at 11 (citing Doc. 49-12 at 7; Doc. 49-3 at 4; Doc. 15 at 7; Doc. 50 at 6; *Am. Fam. Life Assurance* Co. *of Columbus, Ga. v. U.S. Fire* Co., 885 F.2d 826, 830 (11th Cir. 1989); *Maxcess, Inc. v. Lucent Techs., Inc.,* 433 F.3d 1337, 1341 (11th Cir. 2005); *Mazzoni Farms, Inc. v. E.I. DuPont* De *Nemours* & Co., 761 So. 2d 306, 311 (Fla. 2000))); *see also* Doc. 61-1 at 8).

[3]  Pinpoint page citations for documents refer to CM/ECF pagination.

2

acknowledged that the only unresolved issue was Defendants' counterclaim for attorney's fees and costs. (*Id.* at 23). Because neither party briefed the issue or otherwise requested judgment on the Counterclaim, the Court directed Defendants to file a motion under Local Rule 7.01 to determine their entitlement to attorney's fees. (*See id.*). The motion *sub judice* timely followed. (*See* Doc. 61).

## ANALYSIS

Local Rule 7.01 establishes a bifurcated procedure for a party to claim "post-judgment attorney's fees and related non-taxable expenses."[4]  Local Rule 7.01(a) requires a party claiming post-judgment attorney's fees and related non-taxable expenses to first obtain an order determining entitlement.  Local Rule 7.01(b) requires a motion to determine entitlement to be filed within fourteen days after entry of judgment.  The motion must also (1) specify the judgment and the statute, rule, or other ground entitling the movant to the award; (2) state the amount sought or provide a fair estimate of the amount sought; and (3) include a memorandum of law.  *Id.*  Assuming, *arguendo*, that the Court's March 31, 2022 Order granting Defendants' motion for summary judgment is the "judgment" triggering the procedure under Local Rule 7.01, as suggested by the Order itself, Defendants' motion is timely and it otherwise satisfies Local Rule 7.01(b).

---

[4]  Importantly, Local Rule 7.01, under which the presiding District Judge directed Defendants to move for attorney's fees, (*see* Doc. 60 at 23), applies only to non-taxable expenses.  In the interests of judicial economy and efficiency and for the reasons discussed below, the Undersigned construes Defendants' request for costs to include both taxable costs and non-taxable expenses.

Turning to the substance of the motion, Defendants argue that they are entitled to recover attorney's fees and costs under the attorney's fees and costs provision of the 2009 contract. (Doc. 61 at 3). Section 10 of the relevant contract states, in full:

> In the event Agent sues the Company to enforce the terms of this Contract, Agent will be responsible for paying all of the Company's costs and attorney fees should Agent's lawsuit be unsuccessful either by jury verdict or judicial ruling. In the event of settlement short of judicial resolution, Agent agrees to pay one half the Company's costs and attorney fees to defend the lawsuit, mediation or arbitration through the date of settlement.

> In the event the Company sues Agent to enforce the terms of this Contract, the Company will pay Agent's costs and attorney fees should the Company's lawsuit be unsuccessful either by jury verdict or judicial rulings. If the Company wins its lawsuit, by judicial ruling or jury verdict, Agent agrees to pay the Company's costs and attorney fees.

(Doc. 61-1 at 5).

Defendants argue that, given their success on summary judgment, Plaintiff's lawsuit was unsuccessful by judicial ruling and, as a result, Defendants are entitled to recover their costs and attorney's fees. (Doc. 61 at 3). In support, Defendants essentially maintain that Iowa law requires a court to award fees and costs when judgment is recovered upon a written contract containing an agreement to pay attorney's fees. (*See id.* at 4-5 (quoting Iowa Code § 625.22; collecting cases)). Defendants also preemptively address Plaintiff's affirmative defenses, arguing, in essence, that (1) Plaintiff bears the burden of establishing unconscionability, (2) one-sided fee-shifting provisions are not inherently unconscionable, and (3) the language

4

in Section 10 is not unclear or ambiguous. (*Id.* at 5-6). As a result, Defendants argue that they are "contractually entitled to recover [their] reasonable attorney fees and costs expended in defending Plaintiff's claims." (*Id.* at 6). Because Defendants do not delineate between taxable costs and non-taxable expenses – instead asking for a determination of their entitlement to "costs" in some instances and their entitlement to "expenses" at others, (*see, e.g.*, *id.*) – the Undersigned construes the request as seeking a determination as to their entitlement to both taxable costs and non-taxable expenses.

In response, Plaintiff argues that the provision is unenforceable because it (1) is ambiguous, (Doc. 65 at 4-6); (2) is unconscionable, (*id.* at 6-8); and (3) violates Section 625.22 of the Iowa Code, (*id.* at 9-10). As a result, Plaintiff argues that the motion should be denied. (*Id.* at 10). In his opposition brief, however, Plaintiff does not address whether the contract should apply to both taxable costs and non-taxable expenses. (*See id.* at 1-10). Nor does he proffer the contract's failure to specify whether it includes both taxable costs and non-taxable expenses as a basis for finding the provision unenforceable. (*See id.*).

The Undersigned addresses each of Plaintiff's arguments in turn below, beginning with whether the provision is ambiguous and, if not, whether the provision entitles Defendants to their attorney's fees and costs. The Undersigned then turns to whether the provision should be deemed unenforceable by nature of either unconscionability or illegality.

I.       **Whether the Provision Is Ambiguous or Applicable.**

Plaintiff appears to contend that although Defendants were successful on summary judgment, this does not necessarily mean that Plaintiff was unsuccessful in his lawsuit.  (Doc. 65 at 4).  In support, Plaintiff notes that neither the contract nor the provision "define 'unsuccessful' as the non-prevailing party."  (*Id.*).  As a result, Plaintiff argues that the term "unsuccessful" in this context is ambiguous and unclear.  (*Id.*).  The Undersigned disagrees.

Under Iowa law, ambiguous terms are "capable of more than one meaning when viewed objectively by a reasonably intelligent person."  *See Phoenix Ins. Co. v. Infogroup, Inc.*, 147 F. Supp. 3d 815, 822 (S.D. Iowa 2015).  Importantly, "[a]n undefined policy term does not automatically equate to an ambiguous term." *Milligan v. Grinnell Mut. Reinsurance Co.*, No. 00-1452, 2001 WL 427642, at *2 (Iowa Ct. App. Apr. 27, 2001).

Here, Plaintiff fails to show that the term "unsuccessful" is ambiguous.  (*See* Doc. 65 at 4).  Indeed, Plaintiff has not even attempted to offer any example of how the term "unsuccessful" could be interpreted in more than one way.  (*Id.*); *see also Phoenix Ins. Co.*, 147 F. Supp. 3d at 822.  Instead, Plaintiff relies only on the failure to define the term.  (*Id.*).  Given the failure to define the term in the contract, coupled with Plaintiff's failure to offer competing meanings for the term, the Undersigned looks to the normal use of the word to determine whether it is "capable of more than

one meaning when viewed objectively by a reasonably intelligent person." *See Phoenix Ins. Co.*, 147 F. Supp. 3d at 822.

"Unsuccessful" is defined as "not successful" or "not meeting with or producing success." *Unsuccessful*, Merriam-Webster's Online Dictionary 2022, https://www.merriam-webster.com/dictionary/unsuccessful. Success, in turn, is defined as "degree or measure of succeeding" or "favorable or desired outcome." *Success*, Merriam-Webster's Online Dictionary 2022, https://www.merriam-webster.com/dictionary/success. Given the plain definition of these terms, coupled with Plaintiff's failure to proffer any other reasonable interpretation, the Undersigned finds that the term is neither ambiguous nor unclear because it is not "capable of more than one meaning when viewed objectively by a reasonably intelligent person." *See Phoenix Ins. Co.*, 147 F. Supp. 3d at 822.

Because the Undersigned finds that the provision is not ambiguous, the Undersigned next considers whether the terms of the provision are satisfied here. In undertaking this analysis, the Undersigned gives the undefined term "unsuccessful" its normal, definitional meaning. *Amera–Seiki Corp. v. Cincinnati Ins. Co.*, 721 F.3d 582, 585 (8th Cir. 2013) (applying Iowa law and noting that undefined but unambiguous terms are given their normal meaning).

As noted above, if Plaintiff files a lawsuit, Defendants are entitled to a fee award if Plaintiff was unsuccessful by judicial ruling or jury verdict. (*See* Doc. 61-1 at 5). Here, the Undersigned finds that Plaintiff brought the instant lawsuit but was ultimately unsuccessful by judicial ruling. (*See* Docs. 1, 60). More specifically, the

7

Undersigned finds that Plaintiff did not receive either his desired outcome or a favorable outcome given that Defendants were successful in defending both counts. (*See* Doc. 60). As a result, the Undersigned finds that the terms of the fees and costs provision are satisfied such that Defendants are entitled to their attorney's fees and costs – which appears to include both taxable costs and non-taxable expenses – unless the provision is unenforceable by nature of either unconscionability or illegality. (*See* Doc. 61-1 at 5).[5]

## II.    Whether the Provision Is Otherwise Unenforceable.

Having found that the provision is not ambiguous and that the terms are satisfied here, the Undersigned turns to whether the provision is unenforceable by nature of either unconscionability or illegality. The Undersigned considers each in turn below.

### A.    Whether the Provision Is Unconscionable.

Plaintiff first seeks to avoid compliance with or otherwise negate the provision by arguing that the provision is unconscionable. (*See* Doc. 65 at 3-8). The gravamen of Plaintiff's argument is that the provision is unfairly one-sided, such that no person in their right senses would agree to the provision. (*See id.*). In support, Plaintiff asserts that the provision, when it is read in its entirety, "discourages an Agent from pursing [sic] meritorious claims" and otherwise discourages settlements. (*Id.* at 6-8).

_____

[5] Unless otherwise noted, the Undersigned's use of the term "costs" encompasses both taxable costs and non-taxable expenses.

Under Iowa law, which governs the subject contract, "the burden of proof that a particular provision or contract is unconscionable rests on the party claiming it is unconscionable." *Faber v. Menard, Inc.*, 367 F.3d 1048, 1053 (8th Cir. 2004) (citing *In re Estate of Ascherl,* 445 N.W.2d 391, 392 (Iowa Ct. App. 1989)); *see also Van Williams v. Voya Fin. Advisors, Inc.*, No. 8:20-cv-2611-T-33JSS, 2021 WL 50491, at *5 (M.D. Fla. Jan. 6, 2021) (citing *De Dios v. Brand Energy & Infrastructure Servs.*, No. C-18-4011-MWB, 2018 WL 2976104, at *8 (N.D. Iowa June 13, 2018)).  This defense includes both procedural and substantive elements, *In re Marriage of Shanks*, 758 N.W.2d 506, 515 (Iowa 2008), but Iowa law does not require a separate showing of "both procedural and substantive unconscionability . . . ; instead, either type of unconscionability may render the contract provision unconscionable," *Brown v. Louisiana-Pac. Corp.*, 820 F.3d 339, 353 (8th Cir. 2016) (citing *In re Marriage of Shanks*, 758 N.W.2d at 516-19).

In considering whether a provision or contract is unconscionable under Iowa law, courts should assess "the following factors . . . :  (1) assent; (2) unfair surprise; (3) notice; (4) disparity of bargaining power; and (5) substantive unfairness." *Faber*, 367 F.3d at 1053 (citing *Home Fed. Sav. & Loan Ass'n v. Campney,* 357 N.W.2d 613, 618 (Iowa 1984)).  Nevertheless, a determination as to whether the provision or contract is unconscionable must ultimately "be made 'in view of all the circumstances,'" *id.* (quoting *C & J Fertilizer, Inc. v. Allied Mut. Ins. Co.,* 227 N.W.2d

169, 181 (Iowa 1975)), and is judged at the time the contract was made, *see Bartlett Grain Co. v. Sheeder*, 829 N.W.2d 18, 27 (Iowa 2013).

Here, Plaintiff appears to concede that because he signed the 2009 contract, "there was [no] unfair surprise or a lack of notice of the Section 10 provision."  (Doc. 65 at 6).  Moreover, upon independent review, the Undersigned agrees.  Because Plaintiff signed the agreement, at which time he expressly represented that he had read the contract, understood it, and had full authority to bind himself to it, (Doc. 61-1 at 8), the Undersigned finds that there is no lack of notice or unfair surprise, *see Faber*, 367 F.3d at 1053 (finding that "[t]here is assent, clear notice, and no unfair surprise here because [the plaintiff] signed the agreement"); *see also De Dios*, 2018 WL 2976104, at *8 (finding in the context of a unconscionability analysis that because the plaintiff did not allege any fraud, he could not later contradict the representations that he had read and understood the agreement and had been given time to consider it).

As to the remaining factors the Court must consider in assessing whether a contract or provision is unconscionable – assent, disparity of bargaining power, and substantive unfairness – the Undersigned considers each in turn below.

### 1.    Assent

As to assent, Plaintiff appears to argue that there was no "meeting of the minds" between the parties as it relates to this provision because (1) no reasonable agent would agree to pay *all* attorney's fees and costs – regardless of reasonableness – in the event he is unsuccessful in his lawsuit and (2) no reasonable agent would agree

to pay half of *all* attorney's fees and costs – regardless of reasonableness – in the event he settles and, therefore, "won" a meritorious claim  (Doc. 65 at 6-7).  Upon review, the Undersigned disagrees.

Importantly, Plaintiff has offered no argument that *he* did not assent to the terms, as presented.  (*See* Doc. 65 at 6-7).  Instead, Plaintiff argues in the hypothetical, stating that "no agent would knowingly assent to" these terms.  (*Id.*).  Yet, this statement is belied by Plaintiff's decision to sign the contract.  (*See* Doc. 61-1 at 8).  Moreover, Plaintiff's argument that no agent – rather than this agent – would have assented to the provision appears to relate more to substantive unfairness than it does to assent.  *See C & J Vantage Leasing Co*, 795 N.W.2d at 81 (citing *In re Marriage of Shanks*, 758 N.W.2d at 515-16 for the proposition that "[s]ubstantive unconscionability involves whether or not the substantive terms of the agreement are so harsh or oppressive that no person in his or her right senses would make [the agreement]").

Moreover, the Undersigned finds Plaintiff's argument that he did not assent to the provision fails on its merits for several reasons.  First, the Undersigned finds that assent is shown through Plaintiff's decision to sign the contract, at which time he expressly represented that he had read the contract, understood it, and had full authority to bind himself to it.  (*See* Doc. 61-1 at 8); *see also Faber*, 367 F.3d at 1053 (finding that "[t]here is assent, clear notice, and no unfair surprise here because [the plaintiff] signed the agreement"); *De Dios*, 2018 WL 2976104, at *8 (finding that because the plaintiff did not allege any fraud, he could not later contradict the

representations that he had read and understood the agreement and had been given time to consider it); *Brondyke v. Bridgepoint Educ., Inc.*, 985 F. Supp. 2d 1079, 1096 (S.D. Iowa 2013) (finding that the plaintiff failed to show a lack of assent because the plaintiff signed and submitted the forms acknowledging and agreeing to the contracts at issue); *cf. Fields v. NCR Corp.*, 683 F. Supp. 2d 980, 984 (S.D. Iowa 2010) (rejecting an argument that because the plaintiff did not read the contract, there was no assent and finding instead that a party will be "bound by a document the party signs even though the party has not expressly accepted all of the contract provisions and is not aware of them").

Second, while the provision is contained within a form contract, which suggests that Plaintiff may not have been able to negotiate its removal, Plaintiff proffered no facts to suggest that he could not negotiate or contract with another company. *Cf. De Dios*, 2018 WL 2976104, at *8 (citing *In re Marriage of Shanks*, 758 N.W.2d at 515 to implicitly suggest that the failure to provide evidence that the plaintiff could not have sought employment elsewhere undermines any argument that the plaintiff did not meaningfully assent to the subject agreement or otherwise could be surprised by it). Even had Plaintiff proffered such an argument, however, this alone would be insufficient to establish unconscionability. *See Transgrud v. Leer*, 952 N.W.2d 893 (Iowa Ct. App. 2020) (citing *Home Fed. Sav. & Loan Ass'n of Algona v. Campney*, 357 N.W.2d 613, 619 (Iowa 1984) to support the proposition that "a contract of adhesion is not necessarily unconscionable").

Third, as addressed more fully below, *see* Section II.B., *infra*, to the extent the provision unfairly entitles Defendants to all of its fees and costs – rather than only reasonable fees and costs – the Undersigned finds this issue can be resolved by invoking the severability clause. (*See* Doc. 61-1 at 8). In that regard, the severability clause allows the Court to modify an unenforceable provision such that it will be deemed enforceable. (*See id.*). For the reasons addressed below, the Undersigned recommends that the presiding District Judge modify the provision to allow for recovery of *reasonable* attorney's fees and costs. *See* Section II.B., *infra.* Because Plaintiff's assent argument is primarily based on Defendants' alleged entitlement to *all* of its attorney's fees, (*see* Doc. 65 at 6-7), the Undersigned finds that argument largely moot considering the recommended modification. In that regard, Plaintiff has proffered no argument to suggest that he did not or would not assent to a similar provision that allowed for recovery of only reasonable fees or costs. (*See id.*).

Ultimately and without more, the Undersigned finds that Plaintiff's signature on the contract is sufficient to show that he assented to the terms of the contract, especially given his express representation that he had read and understood the contract. (*See* Doc. 61-1 at 8).

### 2. Disparity of Bargaining Power

As to the disparity of bargaining power, Plaintiff states – in a conclusory fashion – that he had no power to negotiate the terms of the standard form and,

therefore, argues that the disparity of bargaining power requires "careful scrutiny of the substance of the contract."  (Doc. 65 at 7 (quoting *Faber*, 367 F.3d at 1053)).

Upon review, the Undersigned agrees that there is "unquestionably a disparity in bargaining power" in this action.  *See Faber*, 367 F.3d at 1053 (finding that there was "unquestionably a disparity in bargaining power" because the defendant was a national corporation).  Indeed, given that Defendants make up a large company, Plaintiff likely could not negotiate and change specific terms in the standard contract.  *See id.*  Nevertheless, the Eighth Circuit has held that "[m]ere inequality in bargaining power does not make the contract automatically unconscionable."  *Id.* (citing *Home Fed. Sav.*, 357 N.W.2d at 619).  Instead, the "disparity of bargaining power . . . calls for careful scrutiny of the substance of the contract."  *Id.*  The Undersigned takes this into consideration in determining below whether the provision is substantively unfair.

### 3.    Substantive Unfairness

Plaintiff argues that Section 10 of the 2009 contract is substantively unfair because, when read in its entirety, it amounts to a "one-sided attorney fee provision[]," intending "to thwart and punish any attempt by an agent to enforce rights under the contract or to resolve disputes with [the company] concerning those contractual rights."  (Doc. 65 at 7).  In support, Plaintiff argues that (1) Defendants can recover "all" fees and costs if Defendants successfully sue, but Plaintiff cannot if he successfully sues; and (2) the settlement provision discourages settlement and risks a fee and cost award that exceeds the value of an agent's claim.  (*Id.* at 7-8).  As a

result, Plaintiff argues that the provision is so "harsh[ and] extremely one-sided" that it should be deemed unconscionable.  (*Id.* at 8).

Upon review and applying careful scrutiny, the Undersigned finds that the provision is not so substantively unfair that the Court should find it unconscionable. Substantive unfairness requires that the substantive terms be so harsh or oppressive that "no person in his or her senses and not under delusion would make [the agreement] on the one hand, and . . . no honest and fair person would accept [the agreement] on the other." *See Faber*, 367 F.3d at 1053.  Alternatively, a court may find a provision or contract substantively unfair if the agreement is "nefarious" or "inimical to the public good." *Id.*

Here, the Undersigned finds that Plaintiff has not shown that the fee provision is substantively unfair.  In that regard, the provision, when read as a whole, applies differently depending upon who brings the lawsuit and how the lawsuit is resolved. (*See* Doc. 61-1 at 5).  For instance, in the event the agent brings an unsuccessful lawsuit, the company may recover its attorney's fees and costs.  (*Id.*).  The same applies if the company brings an unsuccessful suit—the agent can recover his or her fees and costs.  (*Id.*).  Alternatively, if the agent brings a successful lawsuit, he or she may not recover his or her fees and costs.  (*Id.*).  But, if the company brings a successful suit, it may recover its attorney's fees and costs.  (*Id.*).  Finally, if the agent brings a suit and it settles, the company can recover half of its fees and costs, but the same is not true if the company brings a suit that settles.  (*Id.*).

Notably, these terms are not truly one-sided.  (*Id.*).  Rather, the provisions are not all that different from a common prevailing party fee-shifting provision, in which a prevailing party recovers its fees and costs no matter who brought the suit, except that (1) if the agent's suit settles, the agent must pay half of the company's attorney's fees and costs and (2) if the agent's suit is successful, he or she cannot recover his or her attorney's fees or costs.  (*Id.*).  Because the Undersigned cannot find a prevailing party fee-shifting provision overly harsh or oppressive, especially in light of Section 625.22 of the Iowa Code, the Undersigned focuses on these two exceptional prongs to determine whether their inclusion renders the fee provision unconscionable.

As to these two distinct portions of the provision, Plaintiff has not cited, and the Undersigned has not found, any authority finding a similar fee provision unconscionable.  (*See* Doc. 65 at 5-8).  Moreover, upon review and considering the contract language very carefully, the Undersigned finds that neither portion is so harsh, oppressive, or otherwise nefarious or inimical to the public good that the fee provision is rendered unconscionable.

For example, as to the settlement portion, while Plaintiff would need to pay half of Defendants' fees and costs in the event of settlement, Plaintiff has cited no portion of the agreement that requires Plaintiff to settle.  (*See id.*; *see generally* Doc. 61-1).  As a result, rather than being unconscionable, the provision merely informs an agent's decision to settle and can be accounted for during settlement negotiations—*i.e.*, an agent may negotiate that the company waive the provision or otherwise increase the settlement recovery to account for this provision.  Put differently, the

provision is not so harsh or unfair as to render it unconscionable; instead it is a consideration that an agent contemplates when deciding whether to settle. Given that the contract as a whole leaves open the possibility for the parties to negotiate around this provision during settlement, the Undersigned cannot find that "no person in his or her senses and not under delusion would make [the agreement] on the one hand, and . . . no honest and fair person would accept [the agreement] on the other." *See Faber*, 367 F.3d at 1053. Moreover, because the provision does not expressly prohibit or discourage settlement, the Undersigned finds its inclusion is not "nefarious" or "inimical to the public good." *See id.* The provision merely informs the settlement negotiations. (*See* Doc. 61-1 at 5). Ultimately, Plaintiff has not cited, and the Undersigned has not found, any authority finding unconscionable a fee-shifting provision that requires a party to pay a portion of the opposing party's fees and costs when the case is settled. (*See* Doc. 65 at 5-8).[6]

Similarly, although Plaintiff cannot recover his attorney's fees and costs in the event his suit is successful, this alone cannot render the provision unconscionable.

---

[6] To the extent Plaintiff cites *Krodel v. Amalgamated Dwellings Inc.*, 166 A.D.3d 412, 413 (2018) to support his unconscionability argument, (*see* Doc. 65 at 3-4), the Undersigned finds *Krodel* to be substantively distinguishable. Specifically, in *Krodel*, the relevant provision was found unconscionable because it required a tenant to pay all of the landlord's attorney's fees even in the event the landlord was in default. *See Krodel*, 166 A.D.3d at 413. Put differently, even if the landlord were unsuccessful by way of a default, the landlord could still recover its attorney's fees. *See id.* In contrast, the provision here does not allow Defendants to recover their attorney's fees and costs if they are unsuccessful. (*See* Doc. 61-1 at 5). As a result, the Undersigned finds *Krodel* unpersuasive and inapplicable. *See Krodel*, 166 A.D.3d at 413.

As Plaintiff points out, the American Rule requires each party to bear their own expenses in the event it brings or defends a lawsuit.  (*See* Doc. 65 at 2 (citing *Matter of Guardianship of Radda*, 955 N.W.2d 203, 215 (Iowa 2021)).  Because Iowa has a strong public policy for following the American Rule, unless a contract or statute provides otherwise, *see Matter of Guardianship of Radda*, 955 N.W.2d at 215, the Undersigned finds that incorporating this American Rule into this aspect of the fee provision, even as to only one side, cannot be deemed "nefarious" or "inimical to the public good."  *See Faber*, 367 F.3d at 1053.  Likewise, because the American Rule is the default, the Undersigned cannot find that "no person in his or her senses and not under delusion would make [the agreement] on the one hand, and . . . no honest and fair person would accept [the agreement] on the other," *see id.*, even if it applies to only one side.[7]  Importantly, Plaintiff has cited no binding or persuasive authority finding the opposite.  (*See* Doc. 65).  As a result, the Undersigned finds that Plaintiff

---

[7]  The Undersigned notes that under Florida law, a unilateral attorney's fees provision is rendered bilateral in effect.  *See, e.g.*, *Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1336 (11th Cir. 2018) (citing Fla. Stat. § 57.105(7)).  However, Plaintiff has not cited, and the Undersigned has not found, any authority suggesting that Iowa law requires bilateral attorney's fees provisions.  (*See* Doc. 65); *see also Unilateral Attorney's Fees Clauses:  A Proposal to Shift to the Golden Rule*, 61 Drake Law. Rev. 85, 119-20 n.171 (2012) (noting that, at the time the article was written, Iowa did not have any reciprocal attorney's fee statute).  The lack of any statue deeming unilateral provisions bilateral undermines Plaintiff's arguments of unconscionability under Iowa law.  Nevertheless, even if Iowa had such a statute, the severability provision would allow the Court to modify the provision to be enforceable.  (*See* Doc. 61-1 at 8).

has not met his burden to show that the provision is substantively unfair. *Faber*, 367 F.3d at 1053.

Furthermore, while Plaintiff correctly points out that *Faber v. Menard, Inc.*, 367 F.3d 1048, 1053 (8th Cir. 2004) leaves open the possibility that a fee-shifting provision may be so one-sided that it makes the provision unconscionable, the Undersigned is not persuaded that the specific analysis of substantive unfairness in *Faber* is apposite given that the Eighth Circuit considered the fee-splitting arrangement in the context of an arbitration agreement. *See* 367 F.3d at 1053-55. In *Faber*, the Eighth Circuit ultimately held that an arrangement requiring an agent to pay a portion of the arbitration expenses "may be unconscionable if information specific to the circumstances indicates that fees are cost prohibitive and preclude the vindication of statutory rights in an arbitral forum." *Id.* Put differently, the Court found that the possibility of substantive unfairness – and therefore unconscionability – remained when the provision, under the circumstances of the case, would prohibit an agent from bringing suit. *Id.* at 1053-54. This concern arose because of a *mandatory* arbitration clause, requiring that the dispute be resolved in an arbitral forum, in which the agent had to pay a portion of the arbitration fees. *Id.*

In contrast, Plaintiff here is not required to pay the fees regardless of the outcome; instead, Plaintiff would only pay fees in the event he was either unsuccessful in his suit or the suit settled. (*See* Doc. 61-1 at 5). But, nothing in the contract requires that the dispute be resolved in a binding alternative dispute

resolution forum such as arbitration or otherwise requires settlement. (*See generally*
Doc. 61-1). As a result, the Undersigned finds the analysis in *Faber* to be inapposite
as to the substantive unfairness issue.

Nevertheless, assuming *arguendo* that *Faber* is apt, Plaintiff fails to show that
the provision here is or was cost-prohibitive. (*See* Doc. 65). As a result, Plaintiff has
failed to meet his burden to show that the fee provision is substantively unfair under
*Faber*. *See Faber*, 367 F.3d at 1054 (rejecting the plaintiff's argument that the
requirement that he pay half of the arbitrators' fees is unconscionable as it would
discourage him from bringing his claims because the argument was hypothetical and
speculative). In fact, the Eighth Circuit expressly rejected a *per se* rule that fee-
shifting in arbitration clauses are unconscionable and instead insisted on a fact-
specific inquiry into whether the provision was cost-prohibitive to the individual. *Id.*
at 1053. Here, Plaintiff has made no attempt to make the requisite fact-specific
showing. (*See* Doc. 65 at 5-8).

Ultimately, the Undersigned finds, in view of all the circumstances, that
Plaintiff has not met his burden to show that the provision is unconscionable. *Faber*,
367 F.3d at 1053. To be sure, the provision inures to the companies' benefit. (*See*
Doc. 61-1 at 5). But, the doctrine of unconscionability does not exist to render bad
bargains unenforceable. *C & J Vantage Leasing Co. v. Wolfe*, 795 N.W.2d 65, 80 (Iowa
2011). Instead, to be excused from performance based on the doctrine of
unconscionability, Plaintiff needed to show either that the provision is so harsh or

oppressive that "no person in his or her senses and not under delusion would make [the agreement] on the one hand, and . . . no honest and fair person would accept [the agreement] on the other" or otherwise that the agreement is "nefarious" or "inimical to the public good." *See Faber*, 367 F.3d at 1053. Yet, the Undersigned finds that Plaintiff failed to do so here. (*See* Doc. 65 at 5-8).

### B.    Whether the Provision Is Illegal.

Plaintiff argues that the provision is illegal, and therefore unenforceable, in that it permits Defendants to recover *all* attorney's fees and costs, in violation of Section 625.22 of the Iowa Code. (Doc. 65 at 8).

Section 625.22 of the Iowa Code states that, "[w]hen judgment is recovered upon a written contract containing an agreement to pay an attorney fee, the court shall allow and tax as a part of the costs a *reasonable* attorney fee to be determined by the court." Iowa State Code § 625.22 (emphasis added).

Upon review of the provision, the Undersigned finds that it is impermissible and unenforceable, as written, to the extent it permits the recovery of *all* attorney's fees and costs rather than *reasonable* attorney's fees and costs. (*See* Doc. 61-1 at 5). Both Iowa State Code § 625.22 and this Court's Local Rule 7.01 limit the recovery of attorney's fees and costs to those that are *reasonable*. *See id.*; *see also* M.D. Fla. R. 7.01(c)-(d). To find otherwise would, as Plaintiff suggests, encourage a party to "spare no expense" in litigating its case. (*See* Doc. 65 at 6; *see also* Doc. 65 at 9-10). Yet, the provision may still be enforced, as modified below.

21

While neither party addressed it, the parties' contract includes a severability clause, which states that:

> If any provision of this Contract is held to be unenforceable under any Applicable Law such provision will be ineffective for that jurisdiction and the remaining provisions of this Contract will continue in full force and effect. In addition, the parties or the court will modify any unenforceable provision so as to make it enforceable under applicable law, while keeping the modified provision as consistent as possible with the original intent of the parties.

(Doc. 61-1 at 8).

Importantly, "[t]he severability of a contract provision 'depends on the parties' intent,' which is 'determined from the language the parties have used and the subject matter of the contract.'" *Landowners v. S. Cent. Reg'l Airport Agency*, 977 N.W.2d 486, 501 (Iowa 2022) (quoting *Equity Control Assocs., Ltd. v. Root*, 638 N.W.2d 664, 671 (Iowa 2001)). Moreover, courts must strive to give effect to all language of a contract and to interpret any provision in a reasonable, lawful, and effective manner. *See Fashion Fabrics of Iowa, Inc. v. Retail Invs. Corp.*, 266 N.W.2d 22, 26 (Iowa 1978).

Here, the plain language of the severability clause permits the Court to modify any provision to make it enforceable while keeping the modified provision as consistent as possible with the original intent. (*See* Doc. 61-1 at 8). Given that the Court can easily modify the provision, as plainly contemplated by the severability clause, to make the provision enforceable, the Undersigned recommends the presiding United States District Judge do so here. (*See id.*); *see also Landowners*, 977 N.W.2d at 501 (noting that the severability provision "plainly indicates the parties

intended that any invalid portion of the Agreement be severed from the remainder of the Agreement," and, therefore finding that "[t]here's no reason in this case that this severability provision should not be given effect"); *see also In re Marriage of Hansen*, 924 N.W.2d 873 (Iowa Ct. App. 2018) (finding that even if the remainder of the postnuptial agreements were deemed unenforceable the provision revoking the premarital agreement was valid in light of the severability clause); *Faber*, 367 F.3d at 1054 (citing *C & J Vantage Leasing Co*, 795 N.W.2d at 180 for the proposition that "Iowa law permits unconscionable provisions to be severed from the remainder of a contract").[8]  In making this recommendation, the Undersigned notes that, for the reasons addressed above, the provision is not otherwise unconscionable or ambiguous, and Plaintiff willingly and knowingly signed the contract.  To allow Plaintiff to avoid compliance with the contract when the severability clause expressly permits judicial modification to render the contract enforceable would offend the interest of justice.  Thus, the Undersigned finds that the contract should be given full effect and interpreted in a lawful and reasonable manner, *see Fashion Fabrics of Iowa, Inc.*, 266 N.W.2d at 26, which can be accomplished by enforcing the terms of the severability clause here, (Doc. 61-1 at 8); *cf. AmerUs Bank v. Pinnacle Bank*, 51 F. Supp. 2d 994, 999 (S.D. Iowa 1999) (citing *Fashion Fabrics of Iowa, Inc.*, 266 N.W.2d

---

[8]  Based on their request for their *reasonable* attorney fees and costs, it appears that Defendants also interpret the fee provision this way, (*see* Doc. 61 at 6), bolstering the Undersigned's conclusion that the parties' intended for the provision to apply in this way.

at 26 for the proposition that "[b]ecause an agreement is to be interpreted as a whole, in accordance with its commonly accepted and ordinary meaning, an interpretation which gives a reasonable and effective meaning to all terms is preferred to one which leaves a part unreasonable or a term superfluous or of no effect").

In sum, given that the Undersigned finds that the terms of the provision are satisfied and the provision is not otherwise unenforceable, the Undersigned recommends that the provision be modified to allow the recovery of all *reasonable* attorney's fees, non-taxable expenses, and taxable costs, consistent with the contract, Iowa law, and this Court's Local Rules.  Further, the Undersigned recommends that the determination of the reasonableness of the requested fees, non-taxable expenses, and taxable costs be made on a supplemental motion, filed pursuant to Local Rule 7.01(c), within fourteen days of any Order finding that Defendants are entitled to reimbursement for reasonable attorney's fees and costs.[9]

Alternatively, in the event that the presiding United States District Judge disagrees with the Undersigned's finding and recommendations above and instead finds that the fees and costs provision is unenforceable or otherwise inapplicable to taxable costs, the Undersigned recommends that the presiding District Judge direct

---

[9] Although Local Rule 7.01(c) requires the supplemental motion to be filed within forty-five days of any order determining entitlement, the Undersigned recommends that this deadline be shortened in the interests of justice and judicial economy and efficiency.  *See* M.D. Fla. Rs. 1.01(a) ("PURPOSE.  These rules advance efficiency, consistency, convenience, and other interests of justice."), 1.01(b) ("If reasonably necessary to achieve the purpose of these rules, a judge can modify or suspend for all or part of an action the application of any rule, except Rule 1.05(a).").

Defendants to proceed in "the proper procedure" for recovering taxable costs within fourteen days of any Order finding that Defendants are not entitled to recover taxable costs under the 2009 contract, after which Plaintiff may challenge the recovery consistent with Rule 54(d)(1) of the Federal Rules of Civil Procedure.  *See Winnie v. Infectious Diseases Assocs., P.A.*, No. 8:15-cv-2727-T-35MAP, 2018 WL 10456833, at *1 (M.D. Fla. Mar. 19, 2018) (discussing the effect of Fed. R. Civ. P. 54(d)(1) and directing the prevailing party to follow "the proper procedure," which "is for . . . the prevailing party[] to file a verified bill of costs with the Clerk" to which the non-prevailing party may object and seek judicial review within 7 days after the clerk taxes costs).  In reaching this alternative recommendation, the Undersigned finds, as the District Judge did, that Defendants are the prevailing party in this action.  (*See* Doc. 60 at 23); *see also Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (noting that "'[t]here is no question' that a party in whose favor the district court granted summary judgment is a prevailing party for purposes of Rule 54(d)(1)" (alteration in original) (quoting *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995))).

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Defendants' Motion for Entitlement to Attorneys' Fees and Costs (Doc. 61) be **GRANTED**.

2. The attorney's fees and costs provision be modified to permit the recovery of all reasonable attorney's fees and costs.

3.  Defendants be directed to file a supplemental motion, pursuant to M.D. Fla. R. 7.01(c), within fourteen days of any Order finding that Defendants are entitled to reimbursement for reasonable attorney's fees and costs.

4.  The presiding United States District Judge consider administratively closing this case until the supplemental motion is fully briefed and resolved by the Court.

5.  Alternatively, in the event that the presiding United States District Judge finds that the fees and costs provision is unenforceable or otherwise inapplicable to taxable costs, the presiding District Judge direct Defendants to file a verified bill of costs with the Clerk of Court within fourteen days of any Order finding that Defendants are not entitled to recover taxable costs under the 2009 contract.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on December 19, 2022.

Mac R. McCoy
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection.  The parties are warned that the Court will not extend these deadlines.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties