UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC D. EATON,

    Plaintiff,

v.                                                      Case No. 8:20-cv-61-KKM-MRM

PRINCIPAL LIFE INSURANCE COMPANY
and PRINCIPAL NATIONAL LIFE INSURANCE COMPANY,

    Defendants.
_____

## ORDER

Plaintiff Eric Eaton sold securities for Principal Life Insurance Company and Principal National Life Insurance Company (collectively, Principal) from 2001 to 2016 until he terminated his agency contract. (Doc. 60 at 1.) Eaton sued for breach of his 2001 and 2009 agency contracts because Principal failed to pay him "trail commissions" on the securities that he sold. (*Id.* at 2.) The Court granted summary judgment in Principal's favor. (Doc. 60.) Principal now moves for attorney's fees and costs. (Doc. 61.)

The Magistrate Judge recommends that Defendants' Motion for Entitlement to Attorney's Fees and Costs be granted. (Doc. 67.) The fourteen-day deadline for Eaton to object to the Magistrate Judge's Report and Recommendation has passed without him lodging an objection. Considering the record, the Court adopts the Magistrate Judge's

Report and Recommendation for the reasons stated therein (Doc. 67); grants Defendants' Motion for Entitlement to Attorney's Fees and Costs (Doc. 61); and directs Defendants to file a supplemental motion on the amount of fees and costs that they request.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Upon review and in the absence of any objection, the Court adopts the Report and Recommendation. As the Magistrate Judge notes, Eaton's obligation to pay attorney's fees arises from his 2009 agency contract, which provides that the agent "will be responsible for paying all of the Company's costs and attorney fees should Agent's lawsuit be unsuccessful either by jury verdict or judicial ruling." (Doc. 61-1 at 5.) The Court agrees with the Magistrate Judge that this provision is unambiguous and indicates that Eaton is responsible for paying Defendants' costs and fees. The Court also agrees that the agreement is not

unconscionable or illegal under Iowa law, which the contract specifies governs any lawsuits arising from the contract. (*See* Doc. 67 at 8–17.) Thus, Defendants are entitled to fees and costs. Eaton may lodge any objection to the amount of the attorney's fees in opposition to the Defendants' supplemental motion for fees.

Finally, because Defendants' counterclaim for attorney's fees is the only outstanding claim in this case, the Court administratively closes this case for further proceedings regarding the determination of fees. The Court agrees with the Magistrate Judge that the interests of justice and judicial economy justify shortening the usual deadline for a supplemental motion for attorney's fees to fourteen days.

Accordingly, the following is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 67) is **ADOPTED** and made a part of this Order for all purposes.

2. Defendants' Motion for Attorney Fees (Doc. 61) is **GRANTED**.

3. By **January 19, 2023,** Defendants must file a supplemental motion as to the amount of fees and costs requested. *See* Local Rule 7.01(c).

4. The Clerk is directed to administratively close this case until Defendants' supplemental motion for fees and costs is resolved by the Court.

**ORDERED** in Tampa, Florida, on January 5, 2023.

Kathryn Kimball Mizelle
United States District Judge

3